PEOPLE ex rel. WADDY, Respondent, v. PARTRIDGE, Police Com'r, Appellant. (Supreme Court, Appellate Division, Second Department. June 16, 1902.) Action by the people of the state of New York, on the relation of Phebe A. Waddy, against John N. Partridge, police commissioner of the city of New York. James McKeen (W. S. Brewster, on the

brief), for appellant. Charles K. Terry, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

GOODRICH, P. J. (dissenting). George A. Waddy became a member of the police force of the city of Brooklyn in January, 1851, and continued therein in various positions down to April 1, 1882, when he was retired on half pay. At the time of his retirement he was inspector. He died on June 7, 1882, leaving a widow, the relator. In August, 1889, she applied to the board of police and excise of the city of Brooklyn for a pension, under title 11 of chapter 583, Laws of 1888, and the board granted her a pension, which was paid up to January, 1902, when the appellant, the police commissioner of the city of New York and trustee of the police pension fund, "ordered the revocation of the said pension, on the ground that said revocation was made mandatory by reason of the fact that at the time the pension was awarded this deponent, August 1, 1889, there was no provision in the city of Brooklyn police pension laws for the widows of deceased pensioners of the force." The petition alleges that Mr. Waddy, at the time of his death, was a member of the police force, and this is denied by Mr. Ebstein, deputy police commissioner of the borough of Brooklyn, who in the return alleges that Mr. Waddy "was retired and dismissed from membership in the police force of the city of Brooklyn, and placed upon the pension roll, on or about April 1, 1882, and that at that time there was but one inspector of police in the city of Brooklyn, and that upon the retirement of the said George A. Waddy as inspector William J. McKelvey was subsequently appointed to, and did, fill the place made vacant by the retirement of the said George A. Waddy"; that by the custom and practice of the police department retired officers were not held to be subject to the rules and regulations of the department, but returned their shields, and had no official power of arrest, and ceased to be members of the force. The denial of membership is a legal conclusion, but the other allegations must be taken as true. The court ordered a peremptory writ of mandamus, requiring the commissioner to pay the relator the pension granted to her on August 1, 1889, and the commissioner appeals. The underlying question is whether Mr. Waddy at the time of his death was a member of the police force. The charter of the city of Brooklyn (chapter 583, Laws 1888) was in force when the pension was granted. Section 42 of title 11 provided that the commissioner shall have power to grant pensions "(1) to the widow of any member of the police force * * * who has died or shall hereafter die, after ten years of service in the police department in the city of Brooklyn, provided such death shall not have been caused by misconduct on his part." Section 355 of the revised Greater New York charter (chapter 466, Laws 1901) provides that "pensions may, in the discretion of the police commissioner, be continued and paid to the widow and children * * * of any member of the police force to whom pensions shall have been granted, * * * and

the same may, in the discretion of the said commissioner, be from time to time, and at any time diminished, modified, or revoked." The commissioner revoked the pension on the sole ground that Mr. Waddy was not a member of the police force at the time of his death. Consequently all question of discretion in the exercise of power is eliminated, and we are brought to the simple question whether Mr. Waddy was or was not at the time of his death a member of the police force. I think this question must be answered in the negative. The only position which Mr. Waddy had on the force at the time of his retirement was that of inspector, and on his retirement that position was filled by the appointment of his successor. He surrendered his shield, the insignia of his connection with the force, and had no police power to arrest any person. It does not appear that he was subject to, or could be called upon to perform, any police duty. His only connection with the department was the receipt of his pension, and this was granted to him for previous and long-continued meritorious service, and was not conditioned upon the rendition of any further service. It seems to me entirely clear that the relator did not become, and was not, the widow of a member of the force, but the widow of a former member of the force. Consequently there was no lawful authority for the granting of the pension to her, and the commissioner lawfully revoked the order for its payment. I think that the order granting the peremptory writ of mandamus should be reversed, and the writ dismissed, but without costs.